UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARL A. JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-4888** |
| **SWIFT TRANSPORTATION CO., INC., ET AL.** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike the affidavit of Brenda G. Beilman (Doc. #69) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions (Doc. #67) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for New Trial (Doc. #66) is **DENIED.**

### BACKGROUND

On June 3, 2009, the vehicle that plaintiff, Carl A. Jones, was driving was rear-ended by an 18 wheeler owned and operated by defendant, Swift Transportation Co., Inc. Jones filed suit against Swift alleging that he sustained injuries to his back, neck, and knee as a result of the accident. Prior to trial, the parties stipulated that Swift was 90% at fault for the accident, and Jones was 10% at fault. A jury trial regarding damages was held on March 21 and 22, 2011. The jury awarded Jones $205,000 in damages, itemized as follows: $25,000 for past and future physical pain and suffering; $5,000 for past and future mental and emotional suffering; $100,000 for past and future medical

expenses; and $75,000 for past and future lost earning and earning capacity. On April 25, 2011, judgment was entered for Jones, and against Swift, in the amount of $174,500.[1]

After trail, Brenda G. Beilman, the jury foreperson, contacted the court and expressed concerns about the verdict. The court instructed her to contact Jones' counsel. According to Beilman's affidavit that was filed in support of Jones' motion for a new trial, during the course of the trial, some jurors overheard Jones tell a friend that he may receive $2,000,000 in the case. Beilman declares that the jurors discussed this comment, that she thinks the statement was considered in the jury's deliberations, and that it was prejudicial.

On May 20, 2011, Jones filed a motion for new trial. Jones contends that the jury's general damages award of $25,000 was inadequate because Jones' doctor recommended that he undergo surgery for a cervical disc injury that he claims is attributable to the June 3, 2009, automobile accident. Jones also argues that a new trial is warranted because the jury's verdict was influenced by extraneous information as declared by Beilman.

Swift filed a motion for sanctions regarding Jones' counsel's contact with Beilman, and a motion to strike Beilman's affidavit. Swift argues that Jones' counsel's contact with Beilman violated Local Rule 47.5(C) of the United States District Court for the Eastern District of Louisiana, and Rule 606(b) of the Federal Rules of Evidence, Rule 3.5 of the Louisiana Rules of Professional Conduct.

---

[1] The jury award of $205,000 was reduced by the 10% of fault attributed to Jones, and by another $10,000 pursuant to the version of Louisiana Revised Statutes § 32:866 that was applicable at the time of the accident because Jones did not have automobile insurance.

## ANALYSIS

**A.      Motion for Sanctions (Doc. #67) and Motion to Strike Beilman's Affidavit (Doc. #69)**

Swift argues that sanctions should be imposed on Jones and his counsel, and that Beilman's affidavit should be stricken because Jones' attorney's contact with Beilman violated Local Rule 47.5(C) of the United States District Court for the Eastern District of Louisiana, Rule 606(b) of the Federal Rules of Evidence, and Rule 3.5(c) of the Louisiana Rules of Professional Conduct.  Each of these rules permits attorneys to speak to jurors if they have the court's permission and the juror does not object.  The rules also provide that jurors cannot reveal certain specific information about they jury's deliberations, but that jurors can testify about extraneous prejudicial information that was brought to the jury's attention.

In this case, Beilman contacted the court, and the court gave her permission to contact counsel.  Thereafter, Beilman initiated the contact with Jones' counsel.  Further, Beilman's affidavit does not reveal specifics about the jury deliberations, but that she believes extraneous prejudicial information, i.e. Jones' comment to his friend regarding a potential outcome, was considered. Pursuant to Rule 606(b) of the Federal Rules of Evidence a juror can give testimony about extraneous prejudicial information that was brought to the jury's attention.

Because the court permitted the contact, the juror did not object to such contact, and Beilman's affidavit did not contain any prohibited revelations about the jury deliberations, Swift's motion for sanctions (Doc. #67) and motion to strike Beilman's affidavit (Doc. #69) are DENIED.

**B.      Motion for New Trial (Doc. #66)**

Jones argues that he is entitled to a new trial because the general damages award was inadequately low, and extraneous prejudicial information was obtained and considered by the jury. Specifically, he claims that he should have received more than $25,000 for past and future physical pain and suffering because his doctor recommended surgery for his cervical spine injuries, and that the jury considered his alleged statement to a friend that he might receive $2,000,000 from this case.

**1.      Extraneous Information**

Jones argues that the jury awarded an inadequate amount for general damages because the jury was prejudiced by his alleged comment to a friend that he may receive $2,000,000 from the case. In closing argument, Jones' counsel suggested to the jury that they award Jones more than one million dollars. Jones' comment to a friend regarding his potential recovery that was allegedly overheard and considered by the jury was not prejudicial because the Jones' attorney informed the jury in the course of the proceedings that he was seeking a large sum.

**2.      Adequacy of the Damage Award**

Rule 59(a)(1) provides that after a jury trial, a court may grant a new trial to any party on some or all of the issues for any reason for which a new trial has previously been granted in an action at law in federal court. Under Rule 59(a)(1), a district court "may in its discretion set aside a jury verdict and order a new trial if the amount of the verdict is excessive or inadequate." Jones v. Wal-Mart Stores, Inc., 870 F.2d 982, 986 (5th Cir. 1989). A motion for new trial based on the amount of damages should not be granted "unless the verdict is against the great [weight], not merely the preponderance, of the evidence." Id. Although the type of evidence required to be

produced to support a jury verdict is dictated by state law in a diversity case, "the sufficiency or the insufficiency of the evidence in relation to the verdict is indisputably governed by a federal standard." Id. Under the federal standard, "all of the evidence must be viewed in a light most favorable to the jury's verdict." Id. at 987. The verdict "must be affirmed unless the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary conclusion." Id.

At trial, Jones introduced evidence that his doctor has recommended that he undergo surgery for injuries to his cervical spine, which Jones attributes to the June 3, 2009, accident. Jones has not undergone the surgery. Further, Swift introduced evidence that Jones may have exaggerated his pain level after the accident, and that Jones had a preexisting degenerative disc disease that may be the cause of his cervical spine issues. Because the great weight of the evidence does not suggest that the jury's general damages award was so inadequate that reasonable men could not arrive at a contrary conclusion, the jury's verdict must be upheld.

Therefore, Jones' motion for a new trial is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike the affidavit of Brenda G. Beilman (Doc. #69) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions (Doc. #67) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for New Trial (Doc. #66) is **DENIED.**

New Orleans, Louisiana, this   13th   day of July, 2011.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**